# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONEY BILLEDEAUX, <br><br> Plaintiff, <br><br> v. <br><br> SURGIMESH, dba ASPIDE MEDICAL, and BG MEDICAL LLC, <br><br> Defendants. | Case No.: 3:19-cv-00871-H-MDD <br><br> **ORDER DENYING DEFENDANT BG MEDICAL'S MOTION TO DISMISS** <br><br> [Doc. No. 19] |

On July 11, 2019, Defendant BG Medical LLC ("Defendant BG Medical") filed a motion to dismiss Plaintiff Stoney Billedeaux's ("Plaintiff") first amended complaint. (Doc. No. 19.) On July 29, 2019, Plaintiff filed an opposition. (Doc. No. 20.) On August 2, 2019, Defendant filed a reply. (Doc. No. 21.) For the following reasons, the Court denies Defendant BG Medical's motion to dismiss.

## Background

The following facts are taken from the allegations in Plaintiff's first amended complaint. (Doc. No. 15.) Defendant BG Medical is an Illinois-based distributor for

SurgiMesh. (Id. ¶¶ 2, 29, 97.) Plaintiff alleges that Defendant SurgiMesh dba Aspide Medical ("Defendant SurgiMesh") and Defendant BG Medical manufacture SurgiMesh, a hernia mesh. (Id. ¶ 11.) Plaintiff alleges that the hernia mesh constitutes an unreasonable risk of danger and injury as it is "biologically incompatible with human tissue and actually promotes negative immune responses in a large subset of the population." (Id. ¶¶ 15, 18.)

Plaintiff asserts that, on August 14, 2016, he was implanted with the hernia mesh to repair an inguinal hernia. (Id. ¶¶ 11, 19.) He alleges that he "experienced pain, seroma, scarring, mesh migration and had to undergo removal surgery on or about October 31, 2013." (Id. ¶ 21.) Plaintiff contends that as a result, he "has suffered injuries and will require continual monitoring and care." (Id. ¶ 42.)

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. Strict Liability Claim

Plaintiff claims that Defendant BG Medical is strictly liable for his injuries. (Doc. No. 15 ¶¶ 96–113.) Defendant argues that although distributors can be strictly liable, several exceptions to strict liability apply in this case. Plaintiff concedes that manufactures and distributors of implantable medical devices cannot be held liable for design defects, but contends that he has properly alleged a strict liability claim stemming from both manufacture defects as well as inadequate warnings. (Doc. No. 20 at 4.) The Court agrees with Plaintiff.[1]

---

[1] Insofar as Defendant BG Medical seeks to preclude Plaintiff from asserting a specific type of strict liability claim, Defendant may do so through a motion for partial summary judgment when the record is more fully developed. See Fed. R. Civ. P. 56(a).

### 1. Manufacturing Defect

Plaintiff asserts that he adequately states a basis for a manufacturing defect. (Doc. No. 20 at 4.) Defendant BG Medical argues that Plaintiff's claim should be dismissed because Plaintiff does not identify a particular defect with the mesh, and he does not identify which product was implanted in him. (Doc. No. 19-1 at 11.)

The Court agrees with Plaintiff. To establish strict liability for a manufacturing defect, a plaintiff must show that "the product caused a plaintiff's injury because it deviated from the manufacturer's intended result or from other ostensibly identical units of the same product line." Morris v. Parke, Davis & Co., 667 F. Supp. 1332, 1335 (C.D. Cal. 1987); see also Barker v. Lull Eng'g Co., 20 Cal. 3d 413, 429 (1978) ("[A] manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line.").

Here, Plaintiff alleges that the mesh was "manufactured in a way that could cause injuries and damages, including lasting and permanent injuries," and that Defendant BG Medical "manufactured . . . Surgimesh mesh in a defective and dangerous condition." (Doc. No. 15 ¶¶ 101, 107.) He alleges further that he "experienced pain, seroma, scarring, mesh migration and had to undergo removal surgery" of the hernia mesh. (Id. ¶ 21.) Accordingly, the Court concludes that Plaintiff has alleged a claim for strict liability stemming from a manufacturing defect. Defendant BG Medical's contention that Plaintiff is not sufficiently specific about the manufacturing defect is better suited for resolution at a later stage in the proceedings when the record is more fully developed.

### 2. Failure to Warn

Plaintiff also alleges that Defendant BG Medical failed to warn him regarding a list of issues associated with the hernia mesh product. (Doc. No. 15 ¶ 100.) Defendant BG Medical does not challenge this claim for strict liability. (See Doc. No. 19-1 at 11–12.) Accordingly, the Court does not address this cause of action.

///

## B. Breach of Express Warranty

Plaintiff brings a claim for breach of express warranty against Defendant BG Medical. (Doc. No. 15 ¶¶ 118–27.) Defendant BG Medical argues that Plaintiff's express warranty claim fails because no representation was made directly to Plaintiff. (Doc. No. 19-1 at 12.) Plaintiff argues that he may rely on assertions made to the physician that selected the product. (Doc. No. 20 at 5.)

The Court agrees with Plaintiff. An express warranty is "a contractual promise from the seller that the goods conform to the promise." Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 830 (2006). To allege a claim for breach of express warranty, a plaintiff must allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Moreover, generally, "privity of contract is required in an action for breach of [express warranty]." Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695 (1954). One "possible exception to the general rule is found in a few cases where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material, and recovery from the manufacturer was allowed on the theory of express warranty without a showing of privity." Burr, 42 Cal. 2d at 696; see also Seely v. White Motor Co., 63 Cal. 2d 9, 14 (1965) ("Since there was an express warranty to plaintiff in the purchase order, no privity of contract was required."); Cardinal Health 301, Inc. v. Tyco Elecs. Corp., 169 Cal. App. 4th 116, 143–44 (2008) ("Privity is generally not required for liability on an express warranty because it is deemed fair to impose responsibility on one who makes affirmative claims as to the merits of the product, upon which the remote consumer presumably relies.").

In addition, under the learned intermediary doctrine, express warranties run to the physician, not the plaintiff. Tapia v. Davol, Inc., 116 F. Supp. 3d 1149, 1162 (S.D. Cal. 2015); see also Stevens v. Parke, Davis & Co., 9 Cal. 3d 51, 65 (1973) ("[T]he . . . supplier of a prescription drug has a duty to adequately warn the medical profession of its dangerous properties or of facts which make it likely to be dangerous. . . .").

Here, Plaintiff alleges an express warranty based on Defendant BG Medical's representations to hospital surgeons as well as through the product's labeling, advertising, and marketing. (Doc. No. 15 ¶¶ 121–23.) Plaintiff also alleges that his physicians relied upon the express warranties, including the product labeling, in deciding to use the hernia mesh product. (Id. ¶ 121–125.) Based on these allegations, the Court denies Defendant BG Medical's motion to dismiss Plaintiff's express warranty claim. Defendant BG Medical's contentions in its reply that Plaintiff's allegations are not sufficiently specific are better suited for resolution at a later stage in the proceedings when the record is more fully developed.

### C. Breach of Implied Warranty

Plaintiff brings a claim for breach of implied warranty. (Doc. No. 15 ¶¶ 128–44.) Defendant argues that Plaintiff's implied warranty claim fails because Plaintiff has not alleged that he relied on advice other than his doctor's in selecting a suitable implanted medical device. (Id. at 12–13.) Plaintiff does not address Defendant's claim in his opposition.

The Court concludes that Plaintiff has sufficiently alleged privity and reliance on Defendant BG Medical's representations as required for his implied warranty claim. As with an express warranty, generally, "privity of contract is required in an action for breach of [implied warranty]." Burr, 42 Cal. 2d at 695. Unlike his express warranty claim, Plaintiff has not provided a case that makes an exception to the privity requirement applicable to his implied warranty claim. Nor has the Court found an exception applicable to this case. See Tapia, 116 F. Supp. 3d at 1160 (collecting cases) ("[C]ourts have applied the privity requirement to both breach of the implied warranty of fitness, and breach of the implied warranty of merchantability.").

Nonetheless, the Court concludes that Plaintiff sufficiently allege privity and reliance to support his implied warranty claim. Plaintiff alleges that Defendant BG medical represented directly to him that the mesh was safe for its intended use. (Doc. No. 15 ¶ 137.) Plaintiff also alleges that he relied on those representations and that he was implanted

with the hernia mesh to repair an inguinal hernia.  (Id. ¶¶ 11, 19, 138.)  Accordingly, the Court denies Defendant BG Medical's motion to dismiss Plaintiff's implied warranty claim.  Defendant BG Medical's contention that Plaintiff is not sufficiently specific about Defendant BG Medical's alleged representations is better suited for resolution at a later stage in the proceedings when the record is more fully developed.

## Conclusion

For the foregoing reasons, the Court denies Defendant BG Medical's motion to dismiss.  The Court orders Defendant BG Medical to file a response to the first amended complaint on or before **September 16, 2019**.

**IT IS SO ORDERED.**

DATED: August 8, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT